IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        2:24-cr-1607 RB

EMMANUEL BARRAZA-RAMIREZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the United States' Notice of Impeachment Evidence Under Rule 609(a)(1) (Doc. 56); Notice of Intent to Offer Expert Testimony (Doc. 58); Notice of Other Crimes or Bad Acts Pursuant to Rule 404(b) (Doc. 59); Motion in Limine to Exclude Evidence (Doc. 57); and Amended Motion for an Order Nunc Pro Tunc to Extend Pretrial Motion Deadline by One Day (Doc. 72). Defendant Emmanuel Barraza-Ramirez is charged with illegally reentering the United States after deportation in violation of 8 U.S.C. § 1326(a) and (b). (Doc. 35.) Trial is set to begin June 24, 2025. (Doc. 61.)

Having reviewed the parties' arguments and the relevant law, the Court will reserve ruling on whether the Government may impeach Barraza-Ramirez with evidence of the prior convictions; reserve ruling on whether to allow the expert testimony; and allow introduction of evidence regarding Barraza-Ramirez's 2024 removal while reserving ruling on the convictions and additional removals. The Court will also grant the Government's motions to extend the pretrial motion deadline and to exclude evidence.

**I.**      **Relevant Factual and Procedural Background**

On February 15, 2024, an agent with the United States Border Patrol encountered Emmanuel Barraza-Ramirez in Doña Ana County, New Mexico. (*See* Doc. 1.) Barraza-Ramirez

1

told the agent that he is a citizen of Mexico without documentation to legally remain in the United States. (*See id.*) He has previously been convicted of illegal reentry. *See, e.g.*, 23-cr-0558 DCG, Doc. 27 (W.D. Tex. July 27, 2023) (sentencing Emmanuel Barraza-Ramirez to 11 months in prison for illegal reentry under 8 U.S.C. § 1326(a) & (b)(1) following a guilty plea).

Barraza-Ramirez filed an unopposed Motion to Determine Mental Competency (Doc. 36), and the Court committed him to the custody of the Attorney General for a mental competency examination. (*See* Docs. 36–37; *see also* Docs. 8–14; 16–18; 20; 24; 29–32.) Following the evaluation, the Court found—and the parties stipulated—that Barraza-Ramirez is mentally competent to stand trial. (*See* Docs. 40–41.)

On May 5, 2025, Barraza-Ramirez entered a plea of not guilty at his Arraignment/Detention Hearing. (*See* Doc. 48.) The Court entered an Order Setting Pretrial Deadlines, imposing a deadline of May 19, 2025, for the parties to "file pretrial motions, including motions/notices regarding Rule 404(b) or 609 evidence, motions in limine, and *Daubert/James* motions . . . ." (Doc. 53 at 1.) On May 20, 2025, the United States filed the notices and motions in limine at issue in this Memorandum Opinion and Order. (*See* Docs. 56–59.) Barraza-Ramirez objects to the notices solely on the basis that they were filed one day after the deadline. (*See* Docs. 63–65.) He did not file a substantive response to the motion in limine, but the Government noted that he objects to the motion. (*See* Doc. 57 at 4.) The Government later filed an opposed motion to extend the pretrial motion deadline by one day. (Docs. 72; 77.) This matter is set for a jury trial to begin June 24, 2025. (Doc. 61.)

## II.   Impeachment Evidence Under Rule 609

The Government intends, if Barraza-Ramirez testifies at trial, to impeach him with

evidence of his prior felony convictions under Rule 609(a)(1).[1] (*See* Doc. 56.) "When the defendant is a witness in his own trial, the prosecution may introduce evidence of the defendant's past felony conviction to attack his character for truthfulness 'if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.'" *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (quoting Fed. R. Evid. 609(a)(1)). "This 'special balancing test' is used because 'the defendant faces a unique risk of prejudice—*i.e.*, the danger that convictions that would be excluded under [Rule 404] will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes.'" *Id.* (quoting Fed. R. Evid. 609, advisory committee's notes (1990 Amendments)).

The Tenth Circuit directs courts to consider the following five factors in deciding whether to admit evidence of conviction to impeach a defendant's character for truthfulness: "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial." *Id.* (citing 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 609.05[3][a] (Joseph M. McLaughlin, ed., Matthew Bender, 2d ed. 2013)).

Barraza-Ramirez objects to this evidence only on the basis that the notice was untimely. (*See* Doc. 63.) Rather than filing a reply brief, the Government filed a Motion for an Order Nunc Pro Tunc to extend the pretrial motion deadline by one day due to counsel's error calendaring the

---

[1] The Government asserts that these felonies include:

> (1) a 2002 conviction in the 168th Judicial District Court in El Paso, Texas for Assault Causing Bodily Injury; (2) a 2005 conviction in the District of Colorado for Illegal Reentry After Deportation; (3) a 2008 conviction in the Western District of Texas for Attempted Illegal Reentry; and (4) a 2023 conviction in the Western District of Texas for Illegal Reentry.

(*See* Doc. 56 at 2.)

pretrial motion deadline. (*See* Doc. 72.) Barraza-Ramirez does not dispute that counsel for the United States mis-calendared the deadline, and he admits that he was not prejudiced by the one-day delay in filing the notice. (*See* Doc. 77 at 2–3.) He objects to the extension, however, "due to the length and procedural history of [his] case." (*Id.* at 3.) Given that Barraza-Ramirez admits he was not prejudiced by the one-day delay, and because he offers no authority to show that the motion or notice is improper, the Court finds his objection unavailing.

As it is unclear whether and how Barraza-Ramirez will testify at trial, the Court reserves ruling on the issue of whether the Government may introduce evidence of his prior convictions pursuant to Rule 609.

### III.  Expert Testimony

The Government provides notice that it "intends to call Tommy Monday as an expert to testify about the methods and practices of fingerprint identification and analysis." (Doc. 58 at 1.) Monday's testimony includes a comparison of Barraza-Ramirez's fingerprint impressions taken after his arrest in this case "with inked fingerprints obtained from an individual who was removed and/or deported from the United States to Mexico[] on or about January 20, 2005; March 15, 2007; July 24, 2009; and February 9, 2024." (*Id.*) The United States anticipates that Monday will testify that, based on his analysis of the fingerprints, Barraza-Ramirez is the same person who was fingerprinted in the prior removal matters. (*See id.*) Again, Barraza-Ramirez objects only on the basis that the notice was one day late. (*See* Doc. 64.)

The Court will reserve ruling on this notice because it is unclear whether the Government fully complied with Federal Rule of Criminal Procedure 16(a)(1)(G). Rule 16(a)(1)(G) requires that, "[a]t the defendant's request, the government must disclose to the defendant, in writing," the following information for each expert witness it plans to call: (1) "a complete statement of all

opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);" (2) "the bases and reasons for" the expert's opinions; (3) "the witness's qualifications, including a list of all publications authored in the previous 10 years; and" (4) "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." *See* Fed. R. Crim. P. 16(a)(1)(G)(iii). Under this district's standard discovery order, Barraza-Ramirez "is deemed to have requested notice of the Government's intent to present expert testimony." *See United States v. Pena*, 20cr1903 MV, 2022 WL 1175184, at *2 (D.N.M. Apr. 20, 2022). (*See also* Doc. 49 at 1–2.) The Court's May 5, 2025 Discovery Order provides that in their expert disclosures, the parties must provide a written summary describing their expert "witness's opinions, the bases and the reasons therefore, and the witness's qualifications." (*See* Doc. 49 at 2.)

The Government's notice outlines the testimony it anticipates Monday will offer and the basis for it, thereby meeting Rule 16(a)(1)(G)'s first two requirements.[2] (*See* Doc. 58 at 1–2.) The Government notes, though, that it "will provide a copy of Mr. Monday's Curriculum Vitae upon receipt." (*Id.* at 2.) As Rule 16(a)(1)(G) requires the Government to disclose the CV with the summary of the proposed opinions, the Court will reserve ruling on this notice until the Government files an addendum to show it has provided the required information.

**IV.     Other Crimes or Bad Acts Evidence Under Rule 404(b)**

Barraza-Ramirez is charged with illegal reentry in violation of 8 U.S.C. § 1326(a) & (b). (*See* Doc. 35.) To convict, the United States must establish: (1) Barraza-Ramirez "was not a United States citizen at the time alleged in the indictment; (2) he had previously been excluded, deported, or removed from the United States; (3) he knowingly entered . . . the United States . . . ; and (4) he

---

[2] The Court notes, however, that Monday's testimony about removals prior to 2024 may be duplicative and unnecessary as discussed in the next section.

did not have authority to be in the United States." *See United States v. Ayala-Bojorquez*, 574 F. Supp. 3d 960, 962 (D.N.M. 2021) (citing 8 U.S.C. § 1326(a)(1)) (subsequent citation omitted); *see also* 10th Circuit Pattern Instruction 2.05 (2025). The Government seeks to introduce evidence that Barraza-Ramirez has three prior felony convictions for illegal reentry or attempted illegal reentry and prior removals from the United States in 2003, 2005, 2007, 2009, and 2024. (*See* Doc. 59 at 1–2.) Barraza-Ramirez objects only on the basis that the notice was untimely. (*See* Doc. 65.)

"Rule 404(a) prohibits the admission of evidence of a person's 'bad character' to prove that the person acted in accordance with that character on a particular occasion." *Ayala-Bojorquez*, 574 F. Supp. 3d at 963 (citing Fed. R. Evid. 404(a)(1)). "Rule 404(b) prohibits the introduction of 'prior bad acts'—that is, evidence of a 'crime, wrong, or act'—to prove that the defendant has a general propensity to act in such a manner." *Id.* (citing Fed. R. Evid. 404(b)(1); *United States v. Shirley*, 214 F. Supp. 3d 1124, 1144 (D.N.M. 2016)). Courts may use other wrongs evidence, however, "for valid purposes 'such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" *Id.* (quoting *United States v. Lujan*, No. CR 05-0924 RB, 2011 WL 13210276, at *5, *6 (D.N.M. May 11, 2011)) (citing Fed. R. Evid. 404(b)(2)).

> Rule 404(b) requires a familiar four[-]part test:
> (1) evidence of other crimes, wrongs, or acts must be introduced for a proper purpose; (2) the evidence must be relevant; (3) the court must make a Rule 403 determination whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) the court, upon request, must instruct the jury that the evidence of similar acts is to be considered only for the limited purpose for which it was admitted.

*Id.* (quoting *United States v. Diaz*, 679 F.3d 1183, 1190 (10th Cir. 2012)).

### A.  Application of Rule 404(b)'s Four-Part Test

The United States seeks to admit Barraza-Ramirez's prior convictions and removals under

Rule 404(b) "to show that [his] entry into the United States was intentional and committed not as a mistake or accident." (*See* Doc. 59 at 3.) The felony convictions include: (1) a 2003 conviction in a Denver district court for illegal reentry after deportation; (2) a 2005 conviction in the Western District of Texas for attempted illegal reentry; and (3) a 2023 conviction in the Western District of Texas for illegal reentry. (*See id.* at 1–2.) The United States also asserts Barraza-Ramirez has at least five prior removals from the United States. (*See id.* at 2.)

Evidence of the 2024 removal, which is mentioned in the Indictment (*see* Doc. 35), is intrinsic to the charged crime and outside the purview of the 404(b) analysis. *See, e.g., United States v. Kupfer*, 797 F.3d 1233, 1237–38 (10th Cir. 2015); *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) (noting that "[i]t is well settled that Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged") (quoting *United States v. O'Brien*, 131 Fl3d 1427, 1432 (10th Cir. 1997)). The 2024 removal is "'inextricably intertwined' with" and "a necessary preliminary to the charged" crime and will be admitted into evidence. *See Kupfer*, 797 F.3d at 1238 (quotation omitted).

    1.    **Proper Purpose**

The Government argues that "[Barraza-Ramirez's] prior removals and his convictions for illegal reentry will be offered to prove his intent, knowledge, lack of mistake or accident, and alienage." (*See* Doc. 59 at 2.) Barraza-Ramirez does not argue otherwise. (*See* Doc. 65.) Because evidence of the 2024 removal is likely sufficient to establish the necessary elements of the charged crime, the Court finds evidence of his convictions and the additional removals are duplicative, may be unnecessary, and are thus not offered for a proper purpose at this time. Should the Government present other reasons for introducing the convictions and additional removals later, the Court will reconsider whether they are offered for a proper purpose.

### 2. Relevance

The United States argues that the 2023 conviction for illegal reentry and subsequent removal has "close temporal proximity" to the arrest at issue here and is relevant to show both that Barraza-Ramirez is an alien and "knowingly entered the United States after being removed." (Doc. 59 at 4–5.) Barraza-Ramirez does not dispute this argument. (*See* Doc. 65.) Again, because the Government may offer the 2024 removal to establish the elements of the charged conduct, the convictions and additional removals appear to be duplicative. Without more, the Court finds the Government fails to show the convictions and additional removals are relevant.

### 3. Probative Value vs. Unfair Prejudice

The United States argues that the "prior convictions and removals are highly probative of [Barraza-Ramirez's] intent to enter the United States as well as his lack of accident or mistake in entering the United States" and "provide evidence as to alienage." (Doc. 59 at 6.) Barraza-Ramirez does not disagree. (*See* Doc. 65.) While the Court agrees that the probative value of the 2024 removal vastly outweighs any danger of unfair prejudice, the Court cannot say the same about the convictions and additional removals. Indeed, it is unclear what value the convictions and additional removals add. *See, e.g.*, *Ayala- Bojorquez*, 574 F. Supp. 3d at 964 (finding that because the Government could use a 2019 "removal to satisfy the second element . . . under § 1326(a)[,]" evidence of a 2016 removal was duplicative and irrelevant at the motion in limine stage). At this stage, the Government fails to show that the probative value of the convictions and earlier removals outweighs the potential for unfair prejudice. Should the Government later show the evidence is relevant and offered for a proper purpose, the Court will reweigh whether its probative value substantially outweighs the potential for unfair prejudice and, if admitted and upon request, give the jury an appropriate limiting instruction.

In sum, the Court finds the evidence of the 2024 removal is admissible as intrinsic evidence. The Court will, if necessary, reconsider whether admission of the other evidence is appropriate at a later time.

## V.     Motion in Limine to Exclude Evidence

The United States seeks an order prohibiting Barraza-Ramirez from mentioning or introducing evidence to show: (1) "[h]e was not aware that he entered the United States illegally;" (2) he mistakenly believed his entry was authorized or lawful; (3) he was unaware of his prior deportation; or (4) "[h]e returned for a specific reason." (Doc. 57 at 1.) The Government contends that "[e]vidence of [Barraza-Ramirez's] state of mind or mistaken beliefs is not admissible . . . because it is not relevant to [his] guilt or innocence." (*Id.*) Barraza-Ramirez provides no substantive argument in response.

The Court will grant the motion, because "the *mens rea* required to secure a Section 1326 conviction for being unlawfully 'found in' the United States is limited." *See Ayala-Bojorquez*, 574 F. Supp. 3d at 962 (quoting *United States v. Hernandez-Hernandez*, 519 F.3d 1236, 1239 (10th Cir. 2008)). "The Government need only show 'that the defendant's *acts* were intentional." *See id.* (quoting *Hernandez-Hernandez*, 519 F.3d at 1239). Thus, Barraza-Ramirez's knowledge or state of mind as described in the motion is irrelevant.

**THEREFORE,**

**IT IS ORDERED** that the Court **RESERVES RULING** on whether the Government may use evidence of Barraza-Ramirez's prior convictions under Rule 609(a)(1) (Doc. 56);

**IT IS FURTHER ORDERED** that the Court **GRANTS** the Government's Motion in Limine to Exclude Evidence (Doc. 57);

**IT IS FURTHER ORDERED** that the Court **RESERVES RULING** on the notice of expert testimony (Doc. 58) until the Government files an addendum to show it has provided the required information to Barraza-Ramirez;

**IT IS FURTHER ORDERED** that the Government may offer evidence of the 2024 removal at trial but the Court otherwise **RESERVES RULING** on whether the Government may use evidence of the prior convictions and additional removals under Rule 404(b) (Doc. 59);

**IT IS FURTHER ORDERED** that the Court **GRANTS** the Government's Amended Motion for an Order Nunc Pro Tunc to Extend Pretrial Motion Deadline by One Day (Doc. 72).

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE