IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                       2:24-cr-1607 RB

EMMANUEL BARRAZA-RAMIREZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    Emmanuel Barraza-Ramirez is charged with reentry of a deported alien under 8 U.S.C. § 1326(a) and (b). He believes he has a path to United States citizenship by virtue of his grandfather's citizenship. Yet that path has already been foreclosed by U.S. Citizenship and Immigration Services (USCIS), which denied his Application for Certificate of Citizenship in 2007.

    The Government moves under Federal Rules of Evidence 401–403 to exclude any evidence related to a derivative citizenship claim. Barraza-Ramirez argues the motion is untimely but fails to substantively respond. Having considered the motion, the parties' arguments, and the relevant law, the Court will **GRANT** the United States' motion in limine (Doc. 79) and **PROHIBIT** Barraza-Ramirez from raising this issue at trial. Because USCIS denied his application and he offers no good-faith, non-frivolous basis for derivative citizenship, the Court finds any probative value of the derivative citizenship claim is substantially outweighed by the danger of jury confusion and undue delay under Rule 403.

**I.**    **Factual Background**

    On February 15, 2024, an agent with the United States Border Patrol encountered Emmanuel Barraza-Ramirez in Doña Ana County, New Mexico. (*See* Doc. 1.) Barraza-Ramirez told the agent that he is a citizen of Mexico without documentation to legally remain in the United

States. (*See id.*) In fact, he already has three prior convictions under 8 U.S.C. § 1326.[1] He pleaded guilty to the charges in each of those cases.[2] The United States also has evidence that he has been removed from the United States on five prior occasions. (*See* Docs. 59 at 2; 83.)

When he was 25 years old, Barraza-Ramirez applied for citizenship on the basis that his grandfather is a United States citizen. (*See* Doc. 79-1.) USCIS denied his application in 2007. (*See* Doc. 79-2.) Despite this denial, defense counsel confirmed at the June 18, 2025 pretrial conference that it is Barraza-Ramirez's intent to defend at trial because he believes that he is entitled to derivative citizenship through his grandfather *and* that he has never been deported. (*See, e.g.*, Rough Tr. at 7:15–24, 10:10–11, 21:9–17, 22:23–23:1, 23:9–12.[3]) The Government seeks an order prohibiting him from offering evidence of a derivative citizenship claim on the basis that it is irrelevant and that its probative value is substantially outweighed by the danger of unfair prejudice, confusion, and delay. (*See* Doc. 79 at 1–3.)

**II.    The Court will grant the Government's motion in limine.**

    **A.    Barraza-Ramirez has no good faith, nonfrivolous basis for his citizenship claim.**

Barraza-Ramirez applied for citizenship on August 22, 2006. (*See* Doc. 79-1 at 1.) He claimed citizenship through his maternal grandfather, a United States citizen.[4] (*See id.* at 1, 4.)

---

[1] *See United States v. Barraza-Ramirez*, No. 1:03-cr-0577 ZLW-1, Doc. 12 (D. Colo. Jan. 12, 2005) (sentenced to time served for illegal reentry under 8 U.S.C. § 1326(a) & (b)(2)); *United States v. Barraza-Ramirez*, No. 3:07-cr-0801 DB-1, Docs. 10, 33 (W.D. Tex. May 1, 2008) (sentenced to 30 months' imprisonment for attempted illegal reentry under 8 U.S.C. § 1326(a)); *United States v. Barraza-Ramirez*, No. 3:23-cr-0558 DCG-1, Doc. 27 (W.D. Tex. July 28, 2023) (sentenced to 11 months' imprisonment for illegal reentry under 8 U.S.C. § 1326(a) and (b)(1)). (*See also* Doc. 5 at 7–9.)

[2] *See* No. 1:03-cr-0577 ZLW-1, Docs. 55–57 (D. Colo. Oct. 19, 2004); No. 3:07-cr-0801 DB-1, Docs. 30 (W.D. Tex. Feb. 15, 2008); No. 3:23-cr-0558 DCG-1, Docs. 20–21, 23 (W.D. Tex. May 5 & 17, 2023).

[3] The Court cites to the rough, unofficial transcript of the pretrial conference, which is subject to change after it is filed on the docket. (Rough Tr.)

[4] Notably, he did *not* claim that he was a United States citizen by birth, but rather that he was born in Ciudad Juarez, Chihuahua, Mexico. (*See* Docs. 79-1 at 1, 5; 79-2 at 4.)

USCIS considered the application under the following requirements:

> A parent who is a citizen of the United States (or, if the citizen parent has died during the preceding 5 years, a citizen grandparent or citizen legal guardian) may apply for naturalization on behalf of a child born outside of the United States who has not acquired citizenship automatically under section 1431 of this title. The Attorney General shall issue a certificate of citizenship to such applicant upon proof, to the satisfaction of the Attorney General, that the following conditions have been fulfilled:
>
> (1) At least one parent [is] (or, at the time of his or her death, was) . . . a citizen of the United States, whether by birth or naturalization.
>
> (2) The United States citizen parent—
>
>> (A) has (or, at the time of his or her death, had) been physically present in the United States or its outlying possessions for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years; or
>>
>> (B) has (or, at the time of his or her death, had) a citizen parent who has been physically present in the United States or its outlying possessions for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years.
>
> (3) The child is under the age of eighteen years.
>
> (4) The child is residing outside of the United States in the legal and physical custody of the applicant (or, if the citizen parent is deceased, an individual who does not object to the application).
>
> (5) The child is temporarily present in the United States pursuant to a lawful admission, and is maintaining such lawful status.

8 U.S.C. § 1433(a)(1)–(5); *see also* 8 U.S.C. § 1401(g) (defining individuals who are "nationals and citizens of the United States at birth"); 8 U.S.C. § 1432 (imposing conditions for automatic citizenship for children born abroad to alien parents) (repealed 2000); 8 C.F.R. §§ 322.2–322.3. (*See also* Doc. 79-2 at 2–3 (reciting these requirements).)

USCIS denied his application on three separate bases. (*See* Doc. 79-2 at 4–5.) First and foremost, Barraza-Ramirez applied when he was 25 years old and thus exceeded the age restriction

3

under subsection (3). (*See id.* at 4.) Next, he failed to show that his mother naturalized or acquired citizenship. (*See id.* at 5.) Finally, he failed to establish the physical presence requirements outlined in subsection (2). (*See id.*)

The August 2007 denial letter informed Barraza-Ramirez of his right to appeal and stated that a "notice of appeal must be filed within 30 days" from the letter. (*See id.* at 1.) The letter notified him that if he failed to appeal, the decision would be final. (*See id.*) *But see Gonzalez-Alarcon v. Macias*, 884 F.3d 1266, 1272 (10th Cir. 2018) (noting that the administrative exhaustion requirement "does not apply to a person with a non-frivolous claim to U.S. citizenship even if he has previously been (illegally) deported") (citations omitted). There is no record that Barraza-Ramirez appealed. (*See* Doc. 79 at 2.)

The United States maintains that Barraza-Ramirez "has no legal basis to claim U.S. citizenship through his grandfather[,] . . . nor can he establish [] that either of his parents are U.S. citizens and that he obtained citizenship through one of his parents[] under the relevant statutory requirements." (Doc. 79 at 2.) Barraza-Ramirez makes no attempt to argue otherwise in his written response. (Doc. 85.) At the pretrial conference, the Court asked defense counsel if she could outline a nonfrivolous derivative citizenship claim based on something other than her client's belief. (*See* Rough Tr. at 22:15–17.) Defense counsel responded: "[T]here are times in which derivative citizenship can be claimed through [a] grandfather. And that is my client's sincere belief . . . that he has a citizenship claim through his grandfather who was born in the United States . . . ." (Rough Tr. at 22:22–23:1.) An individual's sincerely held belief, though, is insufficient to constitute a legal reality.

The Court is not surprised that defense counsel was unable to articulate a colorable citizenship claim: Barraza-Ramirez would be hard-pressed to make *any* good faith argument given

his resounding failure to meet multiple statutory requirements as outlined in the USCIS denial letter. Compounding the clear statutory challenges he faces in mounting a nonfrivolous derivative citizenship claim are his *three* prior illegal reentry convictions and *five* prior removals. And given that the three convictions followed guilty pleas, that means he has thrice admitted under oath that he is an alien. Moreover, according to the Complaint filed in this matter, Barraza-Ramirez admitted to the arresting officer that he is a citizen of Mexico present without documents that allow him legally to be in the United States. (*See* Doc. 1.) Under these circumstances, the Court finds that Barraza-Ramirez wholly fails to show an entitlement to derivative citizenship.

### B. The probative value of the derivative citizenship claim is substantially outweighed by the danger of jury confusion and undue delay.

The Government argues that any evidence Barraza-Ramirez might offer in support of a citizenship claim is irrelevant. (*See* Doc. 79 at 2–3.) Yet it is the Government's burden to establish he is an alien under § 1326. *See, e.g.*, *United States v. Sierra-Ledesma*, 645 F.3d 1213, 1218 (10th Cir. 2011). A derivative citizenship defense is thus relevant to an element of the crime—alienage. *See, e.g.*, *United States v. Espinoza-Baza*, 647 F.3d 1182, 1188 (9th Cir. 2011); *United States v. Urquidi-Alvarado*, No. 06-CR-2374 JH, 2007 WL 9729149, at *6 (D.N.M. Oct. 18, 2007); *United States v. Sandoval-Gonzalez*, 642 F.3d 717, 724 (9th Cir. 2011).

Even relevant evidence is not always admissible though. *See United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008). "Under Federal Rule of Evidence 403, relevant evidence 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice,'" as the Government argues here. *See id.* (*See also* Doc. 79 at 3.) The Government contends that "[a]llowing [Barraza-Ramirez] to present an invalid claim of citizenship could lead jurors to speculate about legal theories that have no foundation in law, waste judicial resources, and obscure the real issues in this case." (*See* Doc. 79 at 3 (citation omitted).) Again, Barraza-

5

Ramirez makes no effort to address this argument in his written response. (Doc. 85.)

Defense counsel conceded at the pretrial conference that "immigration law is incredibly complicated." (*See* Rough Tr. at 22:21.) The Court asked defense counsel to explain then how she expects the jury to make a determination on this confusing legal issue. (*See id.* at 23:2–8.) She responded that she intends "to ask the jury . . . to consider [the derivative citizenship claim] as part of [Barraza-Ramirez's] mens rea and . . . to challenge the idea that he has been told he is not [a] U.S. citizen." (*See* Rough Tr. at 23:9–12.) As the Court explained in its June 11, 2025 Opinion, however, "the *mens rea* required to secure a Section 1326 conviction for being unlawfully 'found in' the United States is limited." (Doc. 81 at 9 (quoting *United States v. Ayala-Bojorquez*, 574 F. Supp. 3d 960, 962 D.N.M. 2021)).) "The Government need only show that the defendant's acts were intentional. No intent to break the law—whether characterized as 'specific intent' or 'general criminal intent'—must be proved." *Ayala-Bojorquez*, 574 F. Supp. at 962 (quoting *United States v. Hernandez-Hernandez*, 519 F.3d 1236, 1239 (10th Cir. 2008)) (quotation marks omitted). Again, Barraza-Ramirez's sincerely held belief makes no difference in this case—whether to the reality of his derivative citizenship claim or to the intent element under § 1326. To allow him to present this evidence would only cause jury confusion and undue delay.

In sum, USCIS denied Barraza-Ramirez's application for citizenship, and he failed to appeal. As he offers nothing to show that decision was erroneous or that he has a good-faith, nonfrivolous derivative citizenship claim by virtue of his grandfather's citizenship, litigating the issue at trial will only serve to confuse the jury and cause needless delay. The Court finds the probative value of this evidence is substantially outweighed by the danger of undue delay, confusing the issues, and misleading the jury under Rule 403. *See Espinoza-Baza*, 647 F.3d at 1186; *see also United States v. Covarrubias*, No. 3:18-cr-0099 LRH/CLB, 2020 WL 1170216, at

\*4 (D. Nev. Mar. 11, 2020). Accordingly, the Court will prohibit him from raising the issue of his derivative citizenship claim at trial under Rule 403.

### III. Evidence of Barraza-Ramirez's prior convictions and removals.

The Court previously found that offering evidence of all prior convictions and removals appears to be duplicative and unnecessary. (*See* Doc. 81 at 7–8.) Defense counsel made multiple representations at the pretrial conference that Barraza-Ramirez disputes he was ever deported. (*See, e.g.*, Rough Tr. at 7:15–24, 10:10–11, 21:9–17.) Should he defend on the theory that he was not deported—or did not *know* he was deported—the Court's 404(b) determination will change, because the probative value of his prior convictions and removals will substantially outweigh the danger of unfair prejudice. At that point, the Court will allow the jury to hear *all* evidence of his prior convictions and removals,[5] accompanied, of course, by an appropriate limiting instruction. Regardless, Tenth Circuit authority is clear that § 1326(a) "does not require the government to prove that the defendant *knew* that he was deported." *See United States v. Martinez-Morel*, 118 F.3d 710, 713 (10th Cir. 1997).

Additionally, the Court previously held that the Government may introduce evidence of the 2024 removal as intrinsic evidence. (*See* Doc. 81 at 7, 9.) The Government has since filed a Superseding Indictment that uses Barraza-Ramirez's 2009 removal to support the charge in this case. (*See* Doc. 87.) The Government provided notice of the Superseding Indictment and the reason for the change at the pretrial conference. (*See* Rough Tr. at 16:4–17:2.) As such, the Court will allow evidence of the 2009 removal as intrinsic evidence in lieu of the 2024 removal.

Finally, at the pretrial conference, the Government provided additional argument to show that introducing evidence of at least the 2023 conviction is appropriate under Rule 404(b) to prove

---

[5] The Court will also allow this evidence if defense counsel raises the issue of his derivative citizenship claim in front of the jury.

7

alienage. (*See* Rough Tr. at 17:3–18:11.) Counsel for the United States contends that Barraza-Ramirez's 2023 guilty plea, made approximately nine months before he was arrested in this case, is the best evidence to establish his alienage, which is "the critical issue in this case and often the most difficult element to prove." (*See id.* at 17:16–18:5.) Defense counsel responds that the 2023 conviction is irrelevant to his "belie[f] he was a United States citizen or . . . had derivative citizenship through his grandfather" and is, therefore, unfairly prejudicial.[6] (*See id.* at 19:11–18.) Again, his belief about his citizenship status is irrelevant. That being said, the Court remains unconvinced that the prior conviction is the best evidence of Barraza-Ramirez's alienage. The United States' exhibit list includes his birth certificate, which is purportedly from Mexico. (*See* Doc. 83 at 2; *see also* Doc. 79-2 at 4.) The exhibit list also includes removals and sworn statements, which may contain information about his citizenship. (*See* Doc. 83.) *See also, e.g.*, *United States v. Sierra-Ledesma*, 645 F.3d 1213, 1226–27 (10th Cir. 2011) (finding that defendant's sworn statement "admit[ing] he was a citizen of and born in Mexico, had been previously deported, and last entered the United States without permission" was "sufficient proof of every element of Section 1326's offense" and any error in the admission of a prior conviction under § 1326 was harmless). The Court will continue to reserve ruling on the three prior convictions and remaining removals. The Government may make additional arguments at trial if it finds itself in the position of needing this evidence to prove alienage.

**IV.     The Court will allow the Government to present expert Tommy Monday.**

The Court reserved ruling on whether the Government would be allowed to call expert

---

[6] Defense counsel also asserts that her client "has concerns with his capacity at the time" he signed the 2023 guilty plea. (*See* Rough Tr. at 19:19–22.) That statement is a non-starter, as defense counsel presents no authority to show that this Court has jurisdiction to consider Barraza-Ramirez's mental competence in his 2023 criminal case. Moreover, Barraza-Ramirez appealed the judgment in that case to the Fifth Circuit and did not raise capacity as an issue. *See* No. 3:23-cr-0558 DCG-1, Doc. 42 (W.D. Tex. Feb. 7, 2024).

Tommy Monday to testify about fingerprint identification and analysis, because it was unclear whether the Government had complied with Federal Rule of Criminal Procedure 16(a)(1)(G). (*See* Doc. 81 at 4–5.) The United States has since filed an addendum, and defense counsel has no substantive objections to the expert; rather, she stands on her timeliness objection. (*See* Rough Tr. at 3:19–24.) Because defense counsel concedes that there is no argument to be made that Barraza-Ramirez is not the same individual who was the subject of the prior removals (*see id.* at 3:23–24:2), there is no evidence that the late motion prejudiced him. The Court will allow the Government to call Monday as an expert.

    **THEREFORE,**

    **IT IS ORDERED** that the Court **GRANTS** the Government's Amended Motion in Limine to Exclude Evidence (Doc. 79) and **PROHIBITS** Barraza-Ramirez from introducing testimony, evidence, or argument on the derivative citizenship issue.

    **IT IS FURTHER ORDERED** that the Government may introduce the 2009 removal (in lieu of the 2023 removal ) as intrinsic evidence.

    **IT IS FURTHER ORDERED** that the Government may call Tommy Monday as an expert.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE